UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW DEAN JOHNSON,

    Petitioner,                Civil No. 2:19-CV-12423
                               HONORABLE DENISE PAGE HOOD
v.                             CHIEF UNITED STATES DISTRICT JUDGE

CATHERINE S. BAUMAN,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Andrew Dean Johnson, ("Petitioner"), confined at the Newberry Correctional Facility in Newberry, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 through attorney David L. Moffitt. Petitioner challenges his conviction for one count of delivering 50-449 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iii), one count of delivering less than 50 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iv), and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. For the reasons that follow, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

1

## I. Background

Petitioner pleaded no-contest to the above offenses in the Oakland County Circuit Court and was sentenced to 99 months to 30 years on the delivery of cocaine conviction and 46 months to 30 years on the delivery of heroin conviction.

On December 18, 2015, petitioner filed a motion to withdraw his guilty plea and/or for re-sentencing, which remains pending in the trial court. On June 20, 2016, the prosecution filed a response. On March 22, 2017, petitioner filed a motion to obtain a copy of his trial counsel's complete file and to compel trial counsel to be interviewed by appellate counsel. On May 22, 2017, petitioner filed an amended motion to obtain trial counsel's file and to conduct an interview of counsel. On June 1, 2017, the trial judge issued an order directing petitioner's trial counsel to produce a copy of his file and appear for an interview with petitioner's current counsel. The order also indicated that trial counsel was required to personally appear with his file at an evidentiary hearing, although the order does not mention when that hearing was going to take place. On December 29, 2018, the case was re-assigned from Judge Potts to Judge Matis. Nothing further has taken place with petitioner's case. [1]

Petitioner has now filed a petition for writ of habeas corpus, claiming that he is entitled to re-sentencing because the judge violated his Sixth Amendment right

---

[1] See Oakland County Register of Actions, Case No. 2015-253249-FH (ECF No. 1, PageID. 58-59).

to a jury trial because she based her sentence on facts that had not been admitted to by petitioner or proven beyond a reasonable doubt, and that trial counsel had been ineffective for advising petitioner to plead no-contest without investigating petitioner's sentencing exposure or conducting any pre-trial investigation.

Respondent filed a motion to dismiss, on the ground that none of petitioner's claims have been exhausted with the state courts.

## II. Discussion

The instant petition is subject to dismissal because none of petitioner's claims have been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her or their available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). As a general rule, a federal district court should

dismiss a habeas petition that contains unexhausted claims. *See Foster v. Withrow*, 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001)(internal citations omitted).

The instant petition is subject to dismissal because petitioner's motions remain pending in the Oakland County Circuit Court. Petitioner has yet to have his motions adjudicated by the trial judge, who might provide relief to petitioner. If the judge rules against petitioner, he would still need to appeal the trial judge's rulings to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust these claims for habeas review.

Petitioner admits that he has not fully exhausted his claims, but he argues, without any supporting caselaw, that the exhaustion requirement should be excused because of the "inordinate delay on behalf of the state courts." (8/16/19 Pet., p. 2, ¶ 6)(ECF No. 1, PageID. 3).

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

4

The Court recognizes that an inordinate delay in adjudicating state court claims may be a circumstance which would excuse the exhaustion of state court remedies, especially when the state is responsible for the delay. *See Workman v. Tate*, 957 F. 2d 1339, 1344 (6th Cir. 1992). Additionally, a habeas petitioner who makes "frequent but unavailing requests to have his appeal processed" in the state courts should not be "not required to take further futile steps in state court in order to be heard in federal court," even if the state court subsequently decides his appeal. *See Turner v. Bagley,* 401 F. 3d 718, 726 (6th Cir. 2005).

Petitioner has failed to show that there has been an inordinate delay in the processing of his state court post-sentencing motions.

In *Workman, supra,* the Sixth Circuit held that a habeas petitioner's failure to exhaust his state postconviction remedies would be excused where the petitioner's motion for post-conviction relief "languished" in the state courts for more than three years without the state court making a decision. *Id.,* 957 F. 2d at 1344. Similarly, in *Turner, supra,* the Sixth Circuit ruled that a habeas petitioner was excused from the exhaustion requirement no later than when petitioner's direct appeal was dismissed for failure to prosecute, given that such failure could only have been attributed to petitioner's appointed attorneys and state, where the state court of appeals failed to insure timely representation, continually postponed petitioner's appeal, allowed four different attorneys to withdraw from the case

5

without filing briefs, and allowed petitioner's appeal to remain on the docket for nearly eleven years without meaningful attention. *Turner,* 401 F. 3d at 725-26.

By contrast, petitioner has failed to show that his case has languished for several years without any meaningful attention in the state courts. Petitioner's current counsel fails to mention in the habeas petition that after petitioner filed his initial motion for re-sentencing in December of 2015, he subsequently filed two separate motions in March and May of 2017 to obtain trial counsel's file and to interview trial counsel in order to prepare for an evidentiary hearing on petitioner's ineffective assistance of counsel claim. The judge on June 1, 2017 issued an order granting petitioner' motion, directed trial counsel to produce his file and to appear for an interview with appellate counsel. The order also directed trial counsel to bring his file to an evidentiary hearing, although no date was set. There is no indication that petitioner's appellate counsel followed through with interviewing trial counsel or asked for a date for the evidentiary hearing. There is certainly no allegation by petitioner that he has made "frequent, but unavailing requests" to have an evidentiary hearing set on his original motion to withdraw his plea and/or to proceed to re-sentencing.

Additionally, petitioner could seek an order of superintending control from the Michigan Court of Appeals pursuant to M.C.R. 3.302 (D)(1) and M.C.R. 7.203 (C)(1) to order the Oakland County Circuit Court to adjudicate his motion. If the

Michigan Court of Appeals failed to issue an order of superintending control, petitioner could seek an order of superintending control from the Michigan Supreme Court pursuant to M.C.R. 7.306. Because petitioner has not sought relief from the Michigan appellate courts to compel the trial court to entertain his pending motion, he is not excused from exhausting his claims in the state courts. *See Porter v. Sanders,* No. 2:12-CV-11287, 2012 WL 1353703, at *2 (E.D. Mich. Apr. 16, 2012)(Hood, J.); *Scott v. Woods*, No. 2:15-CV-13095, 2016 WL 1554934, at *3 (E.D. Mich. Apr. 18, 2016)(Borman, J.); *Washington v. Warden, Ross Correctional Institute,* No. 02-70096, 2003 WL 1867914, * 3 (E.D. Mich. Mar. 21, 2003)(Tarnow, J.)*; See also Wells v. Marshall*, 885 F. Supp. 314, 318 (D. Mass. 1995)(state prisoner was not exempt from exhaustion requirement for filing a petition for writ of habeas corpus, though his motion for new trial had been pending in the state trial court since July, 1991, where he did not seek intervention from the highest state court to remedy the delay). Petitioner's failure to adequately pursue his claims in state court "disqualifies his case from consideration under the narrow exception[to the exhaustion requirement]". *See Dillon v. Hutchinson,* 82 F. App'x. 459, 462 (6th Cir. 2003).

As to Petitioner's Motion for Release on Bond, to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances

justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); See also *Nash v. Eberlin*, 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court*, 735 F. 2d 204, 208 (6th Cir. 1984).

Petitioner has not shown a substantial claim of law based on facts, in light of the dismissal of this habeas petition without prejudice. Although the COVID-19 pandemic is exceptional and grave, Petitioner has not shown exceptional circumstance justifying special treatment in the interest of justice. Petitioner has shown he has various medical conditions, but he has not established he is gravely ill nor has he made any showing that the facility he is currently housed is not properly responding to the virus. In considering an application for compassionate release, the Court of Appeals for the Third Circuit noted "… the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). Petitioner's Motion for Release on Bond pending habeas review is denied.

### III. Conclusion

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal

10

could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that:

(1) The Motion to Dismiss (ECF No. 5) is **GRANTED**.  The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

(2) The Motions for Summary Judgment (ECF Nos. 8 and 9) are **MOOT** in light of the dismissal without prejudice.

(3) The Motion for Release on Bond (ECF No. 10) is **DENIED**.

(4) The Motion for Resolution of Motions for Bond and/or Summary Judgment (ECF No. 11) is **MOOT** in light of this Order.

(5) A certificate of appealability is **DENIED.**

(6) Petitioner will be granted leave to appeal *in forma pauperis.*

(7) Respondent will serve a copy of this Order to the appropriate presiding judge over the state matter and file a proof of service indicating such.

**Dated:**  September 30, 2020

s/Denise Page Hood
Chief Judge, United States District