UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW DEAN JOHNSON,

    Petitioner,               Civil No. 2:19-CV-12423
                                       HONORABLE DENISE PAGE HOOD
v.                                      CHIEF UNITED STATES DISTRICT JUDGE

CATHERINE S. BAUMAN,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION (ECF 20) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Andrew Dean Johnson, ("Petitioner"), confined at the Newberry Correctional Facility in Newberry, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 through attorney David L. Moffitt. On September 30, 2020, the Court summarily dismissed the petition without prejudice because petitioner failed to exhaust his state court remedies. *Johnson v. Bauman*, No. 2:19-CV-12423, 2020 WL 5819567 (E.D. Mich. Sept. 30, 2020).

On November 4, 2020, petitioner's counsel filed a motion for reconsideration. For the reasons that follow, the motion is DENIED.

The motion for reconsideration is denied because it is untimely. E.D. Mich. L.R. 7.1(h)(1) states that: "A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." *Id.* Petitioner's counsel filed

1

the motion for reconsideration on November 4, 2020, more than fourteen days after the Court summarily dismissed the petition. A district court is without power to enlarge the time for making motions for reconsideration of their orders. *Denley v. Shearson/American Express, Inc.,* 733 F. 2d 39, 41 (6th Cir. 1984). The motion will be denied because the Court is unable to grant petitioner an extension of time to file a motion for reconsideration beyond the time period for filing the motion.

Assuming that the motion was timely filed, petitioner is not entitled to reconsideration of the Court's order of dismissal.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.* The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. U.S. Dist. Ct. Rules, E.D. Mich. 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *See Scozzari v. City of Clare,* 723 F. Supp. 2d 974, 981 (E.D. Mich. 2010).

The Court reviewed petitioner's objections to the opinion and order of summary dismissal. Petitioner claims it would be futile to exhaust his state court remedies because of the inordinate delay in adjudicating a pending motion to

withdraw his guilty plea and/or for re-sentencing. This Court considered and rejected petitioner's futility argument at great length when dismissing the petition. *Johnson v. Bauman*, 2020 WL 5819567, at * 2–3. Petitioner is merely rehashing the same arguments that were considered and rejected by this Court. Petitioner's motion for reconsideration will be denied, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed the petition and declined to issue a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 F. App'x. 480, 486 (6th Cir. 2008).  This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.

**IT IS ORDERED** that the motion for reconsideration (ECF No. 20) is **DENIED.**  The Court declines to issue a certificate of appealability.

Dated:  November 23, 2020

s/Denise Page Hood
Chief Judge, United States District

3